IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :
v. : CRIMINAL NO.: 06-316 (RJL)
AARON J. BURROUGHS :

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR PRE-TRIAL DETENTION PURSUANT TO 18 U.S.C. §3142(e)

COMES NOW, Defendant, Aaron J. Burroughs, (hereinafter "Defendant"), by and through undersigned counsel, Spencer M. Hecht and Shraga Kawior, and submits this opposition to the Government's Motion for Detention pursuant to 18 U.S.C. §3142(e). In support thereof, the defendant states the following:

1. On or about October 19, 2006, a federal grand jury returned an Indictment charging the Defendant with the following criminal offenses: sex trafficking of children in violation of 18 U.S.C. §1591, transportation of a minor to engage in prostitution in violation of 18 U.S.C. §2423(a), first degree child sex abuse with aggravating circumstances in violation of D.C. Code §§ 22-3008, 22-3020, and three (3) counts of first degree child sex abuse.

2. On or about October 26, 2006, the Government submitted a "Proffer of Evidence" in support of its Motion for Detention pursuant to 18 U.S.C. §3124(e). While the Government's proffer purportedly addresses the nature and circumstances of the offense(s) charged in the Indictment, and the weight of evidence against the defendant, it fails to address two (2) of the four (4) factors delineated under 18 U.S.C. §3142(g). More importantly, the Government's proffer fails to address whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of any other person and the community.

18 U.S.C. §3142(g) provides in relevant part:

Factors to be Considered. The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account information available concerning -

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device,

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including –

a. The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and

b. Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

3. Notwithstanding the aforementioned Indictment charging the Defendant with "crime(s) of violence" as that term is defined under federal law, the Government does not allege that the defendant forced, threatened, or coerced any individual, including any minor child, to engage in sexual acts or acts of prostitution. Moreover, the Defendant is not alleged to have

engaged in unlawful conduct with more than one (1) individual, which is highly relevant to the present issue before the Court - whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of any other person and the community. The Defendant submits that home detention with electronic monitoring through Pretrial Services, and the requirement that the Defendant have no contact with the alleged victim, will adequately assure the safety of any other person and the community because there is no allegation that the defendant has a propensity to commit the alleged acts generally.

4. Prior to the Defendant's Indictment in Federal Court, the Honorable Rhonda Reid-Winston, Associated Judge of the Superior Court of the District of Columbia, determined that the Defendant is not a flight risk based on the length of time he has resided in the Washington Metropolitan Area and the length of his employment as a Metrobus operator. Judge Reid-Winston also noted that the Defendant does not have an arrest record or any record of criminal convictions.

5. The Defendant is thirty-five (35) years-old and resides with his mother in Crofton, Maryland. The Defendant is a life-long resident of the Washington Metropolitan Area and maintains extremely close ties with the community. The Defendant is the father of one (1) minor child for whom he provides financial support. Prior to his arrest for the instant offense(s), the Defendant was gainfully employed by the Washington Metropolitan Area Transit Authority (WMATA) as a Metrobus operator. The Defendant had been employed by WMATA for over six (6) years. In addition to full time employment, the Defendant was a volunteer football coach at Bowie High School located in Bowie, Maryland. The Defendant was known by his family, friends, co-workers, and players as responsible, dedicated, and benevolent. See Exhibit A.

6. The Defendant has no history of alcohol or drug abuse, and no history of violent or assaultive behavior. The Defendant has been welcomed back to his community while the above-captioned matter.

7. The Defendant has been evaluated for referral to the National Institute for the Study Prevention and Treatment of Sexual Trauma, formerly, the Johns Hopkins Sexual Disorders Clinic. Undersigned counsel has personally discussed the allegations in the above-captioned matter, and the Defendant's proposed treatment, with Dr. Frederick S. Berlin, M.D., Ph.D., who established the National Institute as a free-standing, private clinic, offering care to patients with a variety of sexual disorders. Services offered by the clinic include comprehensive psychiatric and forensic evaluations and consultations, individual, group, or family therapy and pharmacotherapy. Dr. Berlin believes that the Defendant would receive great benefit from treatment at the National Institute given his background and the allegations in the instant matter.

8. As noted above, the Defendant has no prior arrest record, or any record of criminal convictions as an adult or juvenile.

9. At the time of the Defendant's arrest for the instant offense(s), he was not on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or Local law.

10. The Defendant has privately retained undersigned counsel and will dutifully appear for all scheduled court appearances.

11. In light of the Defendant's history and characteristics, and the specific allegations contained in the Indictment, the Defendant submits that a combination of conditions exists which will adequately assure the safety of any other person and the community, namely, 24-hour

home detention, electronic monitoring through the D.C. Pretrial Services Agency, no-contact with the alleged victim, and the further condition that the Defendant participate in the National Institute for the Study Prevention and Treatment of Sexual Trauma while remaining in the custody of a designated person and/or organization that agrees to assume supervision and report any violation of a condition of release to this Honorable Court.

WHEREFORE, for the foregoing reasons, Defendant, Aaron J. Burroughs, respectfully requests this Honorable Court deny the Government's Motion for Detention pursuant to 18 U.S.C. 3142(e).

Respectfully submitted,

HECHT & ASSOCIATES

______________________________

Spencer M. Hecht
8630 Fenton Street
Suite 822
Silver Spring, Maryland 20910
P: (301) 587-2099
F: (301) 587-4559

Counsel for Defendant

KAWIOR & FELDMAN, P.C.

______________________________

Shraga Kawior
8630 Fenton Street
Suite 822
Silver Spring, Maryland 20910
P: (301) 587-2099
F: (301) 587-4559

Counsel for Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31h day of October, 2006, a copy of the foregoing Motion was mailed first-class, postage pre-paid to the following:

Kim A. Herd
Mary B. McCord
Assistant United States Attorney
555 4th Street, N.W.
Room 10-417
Washington, DC 20530

______________________________
Spencer M. Hecht

August 9, 2006

TO WHOM IT MAY CONCERN:

WE THE NEIGHBORS OF VINEYARD CT , CROFTON , MD 24441

**DO NOT FEAR** OUR NEIGHBOR MR AARON J. BURROUGHS IF HE WERE TO RETURN TO THE COMMUNITY.

IF THIS PETITION CAN HELP IN MR BURROUGHS RELEASE TO COME HOME WE ARE WILLING TO ENBRACE HIM WITH OPEN ARMS.

MR BURROUGHS HAS LIVED IN THIS COMMUNITY FOR APPROXIMATELY 14 YEARS AND AS NEIGHBORS WE HAVE ALL GOTTEN ALONG.

MR AARON BURROUGHS HAS ALWAYS BEEN THE NEIGHBOR TO KEEP US ALL TOGETHER WITH HIS FRIENDLY HELLOS AND SMILES.

SIGNATURE [signature] 1450 Vineyard Ct

SIGNATURE [signature] 1450 Vineyard Ct

SIGNATURE [signature] 1460 Vineyard Ct

SIGNATURE [signature] 1462 Vineyard Ct

SIGNATURE [signature] 1457 Vineyard Ct

SIGNATURE [signature] 1444 Vineyard Ct

September 4, 2006

The Honorable Judge Rhonda Reid-Winston
Superior Court of the District of Columbia
500 Indiana Ave, NW
Washington, DC 20001

Re: United States of America v. Aaron J. Burroughs

Dear Honorable Judge Reid-Winston:

My name is Theresa Hill-Winston. I am the first cousin of Ms Lynette Burroughs the mother of the defendant Aaron J. Burroughs. Ms Burroughs and I were raised together as sisters and have remained sisters through our adult years.

I am writing this letter to inform the court of my willingness to act as a third–party custodian for Aaron J. Burroughs if he is released on home detention pending trial. In this capacity, I am ready and able to reside at the residence and supervise Mr. Burroughs in this matter as long as needed.

Through the years my husband and I spend a considerable amount of time in Ms Burroughs home. I will be more than happy to accommodate our family at this most difficult time.

I have know Aaron since birth and he has never been a problem to his parents, family or any one else that I know. If this letter can help in any way, I can be reached for further consultation at 240-353-6413. I am also available to appear in court to address any additional questions or concerns that the court may have.

Sincerely yours,

Ms Theresa Hill-Winston

Kytemique' L. Freeman
11431 Abbotswood Ct
Upper Marlboro. MD 20774
Office 301-817-0484
Home 301-324-3735

October 11, 2006

Spencer Hecht, Attorney at Law
8600 Fenton Lane, Suite 822
Silver Spring, MD 20910

RE: Character Letter for Aaron Burroughs

Dear Mr. Hecht:

I am a parent in the Bowie area and I have had the opportunity of meeting and knowing Coach Aaron Burroughs for approximately twenty years. Mr. Burroughs coached my sons in football. While coaching my sons I had the opportunity to meet Coach Aaron and become acquainted with him in the manner that he took pride in devoting his time teaching and coaching children the values of staying in school and making good grades. He always explained the importance of education to my children.

Coach Aaron has always shown intellect and professionalism in working with and coaching children. He has shown a great deal of pride and concern making sure that the kids excel school as well as in sports.

If this letter can help in any way, Mr. Burroughs has shown to be an outstanding leader, role model and inspiration not only to me but to the children in the community and as a parent of sons that he has coached and my meeting Mr. Aaron Burroughs, I would like to say Mr. Burroughs should be given a chance to come back into the community and be able to continue to exercise his coaching ability helping children.

Sincerely,

Kytemique Freeman

Ms Kytemique Freeman

October 11, 2006

To Whom It May Concern:

*My name is Darlene Robinson and I am writing this letter regarding Aaron Burroughs,* character. Aaron has coached my two sons in football with the Bowie Boys and Girls Club for a number of years, he has become a member of my family and I have great respect for him as a coach as well as a good citizen within the Bowie Community. Thought out the years of knowing Coach Aaron he has always showed respect and love to all. I am a teacher in Prince George's county. I feel that Aaron is not a threat to the community. It really saddens my heart to know that he is in a situation as this one. I pray that a door with open on his behalf.

Thank you

Darlene Robinson

Ms. Darlene Robinson

September 29, 2006

TO: Whom It May concern

Re: Charater letter for Aaron J. Burroughs

Dear Mr Hecht:

I was privileged to work with Aaron Burroughs as a student intern at NBC in the early 1990's. I was a NBC Channel 4 cameraman until my retirement. Aaron has always been a leader in the community and has always loved coaching. Aaron has always held a job and he is a very bright and industrious young man. As an intern working with me, Aaron attended several NFL football games which he met several professional football players, managers, and coaches from different teams. Aaron is a young man through out my knowing him has showed maturity and great leadership in his endeavors.

As someone who participated in the NBC student intern program, I can honestly say this is not a young man that should have his future destroyed by the recent events that took place a month ago. If this letter can help in any way to exonerate Aaron in this chapter in his life I would recommend that he be given a second chance. I firmly believe that this is a mistake and Aaron is not the person that the media is portraying him to be.

I trust that you'll find Aaron to be an intelligent and professional young man who deserves to have a chance at life not jail. He is not the criminal type of person.

I was very disturbed when I heard this and I know for a fact what type of young man Aaron is and what type of family background he came from.

Sincerely,

Harry Davis
Hdavisnbc@aol.com