UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AARON J. BURROUGHS,<br><br>Defendant. | Criminal No. 06-316<br>RJL/DAR |

**FILED**

**NOV 14 2006**

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

### I. INTRODUCTION

Defendant is charged by indictment with one count of knowingly, and in and affecting interstate commerce, recruited, enticed, harbored, transported, provided and obtained by any means a minor under the age of 18, knowing that such person had not attained the age of 18 and will be caused to engage in a commercial sex act in violation of 18 U.S.C. § 1591(a)(1). The defendant is also charged by indictment with one count of knowingly transporting a minor under the age of 18, in interstate commerce, with the intent that the minor engage in prostitution in violation of 18 U.S.C. § 2423(a); three counts of First Degree Child Abuse in violation of D.C. Code § 22-3008; and one count of First Degree Child Abuse with aggravating circumstances in violation of D.C. Code §§ 22-3008, 3020(a)(2). A detention hearing was conducted by the undersigned United States Magistrate Judge on November 1, 2006. Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

United States v. Burroughs                                                                 2

## II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions [of release] will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any

United States v. Burroughs                                                                                           3

person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense involving a minor victim under 18 U.S.C. §§ 1591 and 2423. 18 U.S.C. § 3142(e). An indictment is sufficient to demonstrate probable cause for purposes of 18 U.S.C. § 3142. United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996); United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986); United States v. Suppa, 799 F.2d 115, 117 (3rd Cir. 1986); United States v. Mosuro, 648 F. Supp. 316, 318 (D.D.C. 1986).

### III. DISCUSSION

The government introduced into evidence a written proffer summarizing the alleged criminal conduct of the Defendant that caused him to be indicted. Additionally, the government proffered further information orally, and discussed sections of its written proffer. The government proffered that the alleged victim was found by the police in Maryland engaging in prostitution on July 31, 2006, and was 15 years old at the time. She told the police that the Defendant was her pimp. The government proffered that the alleged victim told police that she met the Defendant while he was a JV football coach at her high school during the start of the fall 2005 school year, and that Defendant had her to perform oral sex on him when she was only 14 years old. The alleged victim stated that the Defendant also sold marijuana to the students at the school where he coached.

United States v. Burroughs                                                                                           4

      The government's counsel proffered that the Defendant introduced prostitution to the alleged victim as a way to make "easy money" and would bring her from Maryland to the District of Columbia to take her to the 1500 block of Rhode Island Avenue, N.E., a place known for prostitution, to prostitute. The Defendant showed the alleged victim a videotape about "pimps and hoes" and explained to her his rules for prostitution, including what prices to charge for various sex acts. The government proffered that Defendant set up "dates" for the alleged victim with his family and friends, including a friend who is a U.S. Capitol Police Officer, three times. On two such occasions, Defendant and his friend videotaped the alleged victim engaging in various sexual acts with both men.

      When the alleged victim was arrested, the Defendant had rented a room at a hotel for her to use for acts of prostitution. The government's counsel proffered that after the arrest, the alleged victim made several one-party consent calls to the Defendant on July 31, 2006, all of which were recorded. The alleged victim told the Defendant she had been released after being arrested and she was at the hotel because she needed to get her things. The Defendant said he had already picked up her things and would come and get her. Defendant was arrested when he pulled into the hotel parking lot.

      Counsel for the government proffered that Defendant waived his rights and agreed to be interviewed. He admitted to engaging in a sex act the previous night with the alleged victim, knowing she was underage, taking her from Maryland to other locations for prostitution, and establishing the prices she was to charge for various sex acts. Defendant also admitted that he arranged for one of his friends to have sex with the alleged victim, that they videotaped themselves having sex with the alleged victim, and that he sold marijuana. During a search of

United States v. Burroughs                                                                 5

his car, police officers found a green weed-like substance that tested positive for THC, a scale, plastic baggies, the alleged victim's bookbag and cell phone, a card from the alleged victim, and a receipt for the room in the hotel for July 30, 2006. When the police searched the Defendant's other vehicle they found videotapes about prostitution. During the execution of a search warrant for the home of Defendant's friend, a videotape of Defendant and the friend engaging in vaginal and oral sex with the alleged victim was found.

In opposition to the government's request for pretrial detention, Defendant's counsel filed a written opposition to the government's motion for pretrial detention with several attachments showing the local community's support of the defendant. Counsel for the Defendant also proffered information orally and called the Defendant's mother as a witness. In the written opposition, Defendant's counsel maintained that the government, in its written proffer, failed to address two of the four factors delineated in 18 U.S.C. § 3142 (g). More specifically, Defendant contended that the government did not address whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of any other person and the community. Defendant's counsel proffered in writing and orally that the Defendant has been indicted for crimes of violence, but that it has not been alleged that the Defendant actually used any violence or force on the alleged victim. Counsel for Defendant stated that there is only one individual named as a victim.

Counsel for Defendant proffered that the Defendant is not a flight risk because he is a life-long resident of the Washington, D.C. area and had a job as bus driver for WMATA for over six years. Counsel proffered that the Defendant has no prior arrest record or any record of

United States v. Burroughs                                                                                          6

convictions and at the time of the arrest he was not on parole, probation, or release pending trial.[1]

The Defendant's counsel proffered that Defendant has no history of alcohol or drug abuse.[2]

Defendant's counsel proffered that Defendant would benefit from enrollment in the The National Institute for Study Prevention and Treatment of Sexual Trauma. Counsel for the Defendant submitted into evidence the application for evaluation and of a professional affiliated with the program.

The Defendant's counsel requested that the Defendant's conditions of release include 24-hour home detention with electronic monitoring, no contact with the alleged victim, and participation in The National Institute for Study Prevention and Treatment of Sexual Trauma, while remaining in the custody of his mother, with whom he has resided in Crofton, Maryland for 13 years. The Defendant's mother testified in court that she recently retired and would be able to watch her son all day, and that he has never caused any problems while living at home. On cross-examination, Defendant's mother conceded that while her son was living with her she did not know about the illegal activities the Defendant admitted, with which he has been charged.

In her rebuttal, counsel for the government stated that even though there has been only one victim has been named, Defendant's friend told police that the Defendant brought him several females and at this time the government does not know if those females were of age or not.

---

[1] Counsel for the government stated that officers found evidence of an arrest warrant issued in 1992 for the Defendant. Defendant states that someone used his name when that person was arrested and Defendant filed a request to have the arrest warrant expunged from his record.

[2] The court asked what evidence was there to support that proposition in light of drugs found in the Defendant's car and Defendant's admission to selling marijuana to students. Counsel for the Defendant stated that he admits that the evidence against him on the issue is strong.

United States v. Burroughs                                                                                      7

Defendant's counsel, in its response to the rebuttal, proffered again that the Defendant did not have a criminal record or history of violence, and that he should be released to home detention because he is not a danger to his community.

## IV. **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by a preponderance of the evidence that no condition or combination of conditions would reasonably assure Defendant's appearance, and by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community. First, the Defendant has been indicted for several crimes of violence, and the nature and circumstances of the offenses charged indicate that Defendant traveled in interstate commerce for the purpose of obtaining a minor under the age of 18 that he knew was under the age of 18 to engage in a commercial sex act, and knowingly transported a minor under age 18 in interstate commerce to engage in prostitution. He also performed sexual acts with a minor under age 18 and had her perform sex acts with others.

Second, for the reasons offered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is virtually overwhelming.

Third, the undersigned has considered that Defendant has no criminal convictions; has strong ties to the community; and that his family resides in the metropolitan area. However, the undersigned finds that Defendant's use of his authority as a JV football coach at the alleged victim's school to have her perform sex acts for him and for others for money, and to use his position to sell marijuana to students, militate against release on conditions.

United States v. Burroughs                                                                                              8

Fourth, the reckless and callous actions for which Defendant has been indicted are indicative of the grave danger which would be posed to the youth of this and neighboring communities should Defendant be released.

The undersigned has carefully considered Defendant's proffer of evidence, and finds that it is insufficient to rebut either the applicable presumption of fugitivity or the applicable presumption of dangerousness. United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the November 1, 2006 Order of Detention.

DEBORAH A. ROBINSON
United States Magistrate Judge

November 14, 2006
DATE

November 1, 2006
NUNC PRO TUNC